UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NICOLE HARRIS et al.,<br><br> Plaintiffs,<br><br>v.<br><br>COUNTY OF WAYNE, and TERRI GRAHAM,<br><br> Defendants. | Case No. 23-10986<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [20]**

Plaintiffs—126 women who were formerly incarcerated at the Wayne County Jail—filed this civil rights class action under 42 U.S.C. § 1983, alleging that they were subjected to unconstitutional strip searches between 2014 and 2022. This is not the first case to challenge the constitutionality of the Wayne County Jail's strip-searching practices. Indeed, the present case follows a series of putative class actions, the most recent of which was *Woodall v. County of Wayne*, No. 17-13707 (E.D. Mich. filed Nov. 14, 2017). There, the Sixth Circuit reversed the district court's grant of class certification, *see Woodall v. Wayne County*, No. 20-1705, 2021 WL 5298537, at *4 (6th Cir. Nov. 15, 2021), and the case was dismissed on April 27, 2023, after the individual plaintiffs settled their claims, *see Woodall*, No. 17-13707, ECF No. 186

1

(stipulating dismissal).[1] Undoubtedly aware of the looming statute of limitations issues, counsel filed the present suit the same day *Woodall* was dismissed—making it the fourth putative class action of its kind.

Plaintiffs seek class-wide and individual relief. Defendants have moved to dismiss most of the Plaintiffs' claims as untimely. The parties dispute whether, due to the string of putative class actions preceding this one, the statute of limitations was tolled as to these Plaintiffs' claims and, if so, when that tolling ceased.

For the reasons below, the Court dismisses some of the Plaintiffs' individual claims as untimely.

# I.

As the current Plaintiffs were putative class members in *Woodall* (ECF No. 14, PageID.88–89), some background on that case is helpful. *Woodall* also involved women formerly incarcerated at Wayne County Jail who filed suit under § 1983 alleging that unconstitutional strip searches were conducted at the jail. *See Woodall*, No. 17-13707, ECF No. 1. The presiding district judge granted class certification, but the Sixth Circuit reversed that decision on November 15, 2021. *Woodall v. County of Wayne*, No. 17-13707, 2020 WL 373073 (E.D. Mich. Jan. 23, 2020), *rev'd and remanded*, 2021 WL 5298537. More than a year later, on April 27, 2023, this Court dismissed the case with prejudice after the individual Plaintiffs settled their claims. *Woodall*, No. 17-13707, ECF No. 186.

---

[1] Both parties occasionally misstate this date as April 23, 2023. (*See, e.g.*, ECF No. 23, PageID.275; ECF No. 25, PageID.293.) But this minor discrepancy does not affect the Court's analysis.

That same day, many putative class members from that case filed this suit, asserting similar factual allegations and again alleging that they underwent humiliating strip searches. (ECF No. 1; *see* ECF Nos. 11, 14.) Specifically, Plaintiffs here likewise claim that Officer Terri Graham, who worked the registry at the Jail, strip-searched them in groups, made derogatory comments about their bodies, allowed men to see them being strip-searched, and maintained an unsanitary environment. (ECF No. 14, PageID.108–109.) And because many women claim they were subject to similar strip searches, Plaintiffs again accuse Wayne County, the municipality in charge of the Jail, of ignoring a pattern of constitutional violations and failing to train its officers or otherwise address the issue, allowing the violations to continue. (*Id.* at PageID.109–110.)

So after amending their complaint twice (see ECF Nos. 11, 14), a total of 126 women allege, as in *Woodall*, that Graham violated the Fourth Amendment's prohibition on unreasonable searches and the County is also liable for these violations under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). (ECF No. 14.) In addition to pursuing punitive damages, Plaintiffs seek compensatory, declaratory, and injunctive relief, on an individual and class-wide basis. (*Id.* at PageID.87–88, 107, 113.)

As their first responsive pleading, Defendants filed a motion to dismiss. (ECF No. 20.) This motion can be separated into two main arguments.

First, Defendants argue that only seven Plaintiffs—those with claims accruing after April 27, 2020—can be class representatives. (*Id.* at PageID.222, 226–227.) All

3

other Plaintiffs, they say, should be dismissed because, even if they have timely individual claims that they could bring in individual lawsuits, this was filed as a putative class action and those 119 Plaintiffs cannot represent a class. (*Id.*)

Plaintiffs agree that only those seven individuals can represent a class. (ECF No. 23, PageID.286.) But they disagree about what this means for the other 119 Plaintiffs with individual claims accruing before that date. Plaintiffs' position is that even if they are barred from representing a class, their individual claims are timely and should proceed because no class certification decision has yet been made. (*Id.* at PageID.286–287.)

Second, Defendants argue that even if the Court does not dismiss all 119 Plaintiffs with untimely class claims, at least 26 Plaintiffs—those with claims that accrued before April 27, 2016—should be dismissed because their individual claims are also untimely. (ECF No. 20, PageID.226.) Plaintiffs disagree, saying all their claims are timely, including these 26. (ECF No. 23, PageID.277.)

This is in large measure a disagreement about when the tolling of individual claims in *Woodall* ended. (ECF No. 20, PageID.227; ECF No. 23, PageID.275.) Defendants believe tolling ended when the Sixth Circuit denied class certification. (ECF No. 20, PageID.227.) Plaintiffs counter that tolling did not end until *Woodall* was dismissed, and, even if the Court finds that tolling ended when class certification was denied, they are entitled to equitable tolling. (ECF No. 23, PageID.281–282.)

4

The parties' briefs address the relevant issues and the Court dealt with them tangentially in *Woodall*. Thus, no further argument is needed. *See* E.D. Mich. LR 7.1(f).

## II.

Because Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6), the Court "construes the complaint in the light most favorable" to the Plaintiffs and determines whether their "complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *See Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required to survive a motion to dismiss, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but they must "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III.

The only issue raised in Defendants' motion to dismiss is the statute of limitations.

"When § 1983 claims arise in Michigan . . . 'the appropriate statute of limitations . . . is [Michigan's] three-year limitations period for personal injury claims.'" *Forrester v. Clarenceville Sch. Dist.*, 537 F. Supp. 3d 944, 949–50 (E.D. Mich. 2021) (alteration and second omission in original) (quoting *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005)); *see also Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986).

While the three-year statute of limitations comes from state law, "federal law governs when the statute of limitations accrues." *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007). In this Circuit, "[t]he statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Hornback v. Lexington-Fayette Urb. Cnty., Gov't*, 543 F. App'x 499, 501 (6th Cir. 2013) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). Stated differently, "[i]n determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003). In the context of § 1983 illegal search claims, the statute of limitations begins to run on the day of the search. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Hornback*, 543 F. App'x at 502 ("[Plaintiff] had a colorable claim for the violation of his Fourth and Fourteenth Amendment rights on the day of the search, and the statute of limitations began to run on that date.").

### A. Class Claims

This lawsuit was filed on April 27, 2023. The parties agree, therefore, that Plaintiffs are barred from bringing a class action for claims that accrued before April 27, 2020. (ECF No. 20, PageID.223; ECF No. 23, PageID.286.) Though not disputed, the Court will briefly address the timeliness of the class claims because it is relevant to Plaintiffs' individual claims.

This analysis is a little more involved where, as here, the Plaintiffs were putative class members in a prior case. This is because "[t]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue to a class action." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552 (1974); *see also Potter v. Comm'r of Soc. Sec.*, 9 F.4th 369, 371 (6th Cir. 2021) (explaining that *American Pipe* tolling, is "an equitable doctrine under which filing a class action pauses the deadlines for members to file related individual actions"). And the limitations period "remains tolled for all members of the putative class until class certification is denied." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983). Once class certification is denied (or a putative class action is dismissed without a ruling on class certification), *American Pipe* tolling ceases, and the class members' individual statute-of-limitations clocks being running. *See Potter*, 9 F.4th 369. At that time, a putative class member may either join in the underlying suit or file a new individual action.

But they cannot commence a new class action beyond the time allowed in the applicable statute of limitations. *China Agritech, Inc. v. Resh*, 584 U.S. 732, 735–36 (2018). In other words, prior uncertified class actions do not toll the statute of limitations for successive class actions; to hold otherwise would "permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action." *Id.* at 740. Thus, *China Agritech* stands for the proposition "that *American Pipe* tolling does not preserve successive class claims that are brought outside the

7

statute of limitations." *Woodall v. County of Wayne*, No. 17-13707, 2019 WL 1354275, at *3 (E.D. Mich. Mar. 26, 2019).

This Court applied the *China Agritech* principle in *Woodall*. The *Woodall* plaintiffs, who were putative class members in two prior suits, initiated a successive class action suit on November 14, 2017. *Id.* at *2. The Court determined that under *China Agritech*, the prior class actions did not toll the statute of limitations for the class claims in *Woodall*, so class-wide claims that accrued before November 14, 2014, were time-barred. *Id.* at *4.

Similarly, the *China Agritech* principle applies here. This means the only timely class action would consist of members whose claims accrued on or after April 27, 2020. Here, the Court assumes, without deciding, that the Plaintiffs' claims accrued on their last date of incarceration—i.e., the last day they could have been subject to an unconstitutional strip search. So Plaintiffs who were released from jail *before* April 27, 2020, cannot be part of a class here. But the seven who were incarcerated on or *after* April 27, 2020, could be.

## B. Individual Claims

What does that mean for the remaining Plaintiffs who may have viable individual claims, even if they cannot be part of the class? This depends on whether their individual claims are timely.

### 1. Plaintiffs with Untimely Individual Claims

The timeliness of Plaintiffs' claims depends on the application of *American Pipe* tolling. Recall that the Plaintiffs here were all putative class members in *Woodall*.

Thus, tolling of their individual claims began on November 14, 2017, when the *Woodall* case was filed. The dispute here is when that tolling stopped. Defendants say that was November 15, 2021, the date the Sixth Circuit reversed the class certification in order in *Woodall*. (ECF No. 20, PageID.227.) Plaintiffs say tolling did not end until the *Woodall* case was dismissed on April 27, 2023. (ECF No. 23, PageID.277–278.) And because they filed this new lawsuit the same day, their claims were tolled from November 14, 2017, through April 27, 2023, such that all of their claims—which accrued November 14, 2014, and later—are timely. (*Id.*)

But Plaintiffs' argument is flawed. It fails to appreciate that the Sixth Circuit's class certification decision in *Woodall* was on the merits. To back up, Plaintiff relies on *Potter*. There, the Sixth Circuit acknowledged that "[t]raditionally, *American Pipe* tolling continues until the district court decides that the lawsuit should not proceed as a class action and denies class certification on the merits." *Potter*, 9 F.4th at 371. In *Potter*, however, the district court denied a class certification motion solely as a matter of docket management and not on the merits. *Id.* After analyzing the interests underpinning *American Pipe*, the Court found that this type of administrative denial did not cease tolling. *Id.* at 378–79.

But *Woodall* is not analogous. Despite Plaintiffs' argument to the contrary, the Sixth Circuit did "definitively decide the appropriateness of class certification." (ECF No. 23, PageID.280.) It decided that class certification was not appropriate. It found that the commonality, typicality, and adequacy-of-representation requirements were not satisfied. *Woodall*, 2020 WL 373073 at *4. For commonality and typicality, the

Sixth Circuit raised two issues: first, that "the putative class claims all accrued after November 14, 2014; but the named plaintiffs' claims all accrued before that date," and second, that the district court failed to recognize that the municipal-liability claims would depend on "an individualized determination of the balancing of the particular need for the search against the personal intrusion the search entailed." *Id*. And it found that Plaintiffs were inadequate representatives because they were not part of the proposed class—their claims accrued before November 2014. *Id*. at *5.

The Sixth Circuit also found that the proposed class did not meet the predominance requirement of Rule 23(b)(3): "Some elements for proving the general policy under a *Monell* inaction theory, the unconstitutionality of the search in each class member's case, and the causal connection between the two would all have to be proven on an individual basis. When damages are added to the mix, individual issues predominate." *Woodall*, 2021 WL 5298537, at *8; *see also id*. at n.3 ("[T]he class does not meet the certification requirements under Rule 23(a) and (b)(3)."). Providing further color to this conclusion, the Sixth Circuit noted, "Perhaps the first element— a clear pattern of unconstitutional strip searches—could be established for each of the four subclasses. But that is the only element that could conceivably be resolved in this common fashion." *Id*. at *7. The Court added, "Insurmountable timing issues, for example, would bar any class-wide treatment of the second (notice) and third (deliberate indifference) elements." *Id*.

This was a merits ruling, sufficient to end tolling. It put the putative plaintiffs on notice that they needed to act to preserve their individual rights (by joining the

10

lawsuit or filing their own), because they were no longer part of a class that was advocating for those rights. *See Potter*, 9 F.4th at 371 ("Class actions encourage absent members to rely on representatives to vindicate their rights. If, however, the court decides that a lawsuit should not proceed as a class action (or at all), class members are on their own.").

In sum, Plaintiffs' individual claims were tolled from the date *Woodall* was filed on November 14, 2017, until class certification was denied on November 15, 2021. (ECF No. 20, PageID.227.) In turn, the statute of limitations on those claims then ran from November 15, 2021, until the present lawsuit was filed on April 27, 2023—or 528 days. Subtracting those 528 days from the three-year (or 1,095-day) statute of limitations, leaves 567 days on the clock. And 567 days before November 14, 2017—the date *Woodall* was filed and tolling commenced—is April 27, 2016. For purposes of this lawsuit, that was the last day a timely individual claim could have accrued.

Thus, absent equitable tolling, the 26 named Plaintiffs whose individual claims accrued before April 27, 2016, must be dismissed.

### 2. Equitable Tolling

Plaintiffs, however, have no viable claim for equitable tolling.

First, in this context, the Court looks to Michigan rules regarding equitable tolling. *See Guy v. Lexington–Fayette Urb. Cnty. Gov't,* 488 F. App'x 9, 18 (6th Cir. 2012) ("The parties agree that a federal court must borrow state statutes of limitations and tolling rules in a § 1983 action."); *Wallace v. Kato,* 549 U.S. 384, 394

11

(2007) ("We have generally referred to state law for tolling rules, just as we have for the length of statutes of limitations."). And, "[i]t appears that Michigan no longer recognizes a common law equitable tolling doctrine; rather, a plaintiff's right to equitable tolling must be based on a statutory right to tolling." *Dunham v. Malik*, No. 13-10001, 2014 WL 4414506, at *4 (E.D. Mich. July 18, 2014), *report and recommendation adopted* 2014 WL 4410119 (E.D. Mich. Sept. 8, 2014); *see also Weathers v. Holland Police Dep't*, No. 13-1349, 2015 WL 357058, at *5 (W.D. Mich. Jan. 27, 2015) ("The Court finds the reasoning in *Dunham* persuasive."); *Citizens Bank v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, No. 11–CV–14502, 2012 WL 5828623, at *8 n. 2 (E.D. Mich. July 6, 2012) (Goldsmith, J.) (citing *Livingston v. C. Michael Villar, P. C.*, No. 299687, 2012 WL 639322, at *2 (Mich. Ct. App. Feb.28, 2012) (per curiam)) ("In Michigan, equitable tolling does not exist except as provided by statute.").

Plaintiffs counter that Michigan case law permits equitable tolling when a court creates confusion about a legal issue and a party reasonably relies on the court's opinion. They cite *Bryant v. Oakpointe Villa Nursing Center, Inc.*, 684 N.W.2d 864 (Mich. 2004) and *Trentadue v. Buckler Lawn Sprinkler*, 738 N.W.2d 664 (Mich. 2007). Even assuming this law supports their position, it does not warrant equitable tolling here.

Plaintiffs claim they "relied on this Court's prior express holding in *Woodall v. Wayne County*, 590 F. Supp. 3d 988 (E.D. Mich. 2022), that *American Pipe* tolling continues until 'an uncertified class action is dismissed'" (ECF No. 23, PageID.283–

12

284 (quoting *Woodall*, 590 F. Supp. 3d at 1000)). In context, however, it is clear that the Court was not discussing when tolling ended in *Woodall*. Instead, the Court was clearly addressing when tolling ended in *Weathington v. City of Detroit,* No. 12-13573 (E.D. Mich. filed Aug. 13, 2012)—the related class action that was litigated before *Woodall*. *Woodall*, 590 F. Supp. 3d at 999 ("This almost dispenses with the statute-of-limitations issue. But there is one more question for the Court to decide: when tolling for the *Weathington* class action ended."). Notably, the Court was explaining that, since the *Weathington* Court never decided class certification on the merits, then, under the ruling in *Potter*, *American Pipe* tolling did not cease until the day *Weathington* was dismissed. *Woodall*, 590 F. Supp. 3d at 1000. The *Woodall* opinion was not applying *Potter* to determine *Woodall*'s effect on future putative class actions—and the Court sees no room for confusion on this point.

Nor can there be any reasonable confusion about when tolling ceased where the Sixth Circuit stated, unequivocally, "[t]he record is clear that class adjudication is not proper." *Woodall*, 2021 WL 5298537 at *8. And this Court reiterated that holding multiple times. *See Woodall*, 590 F. Supp. 3d at 996 ("[T]he Sixth Circuit issued an opinion reversing the Court's grant of class certification. . . . Plaintiffs indicated they would like to proceed despite not being able to represent a class."); *Woodall*, 17-13707, ECF No. 183, PageID.4982 ("In short, the Sixth Circuit already decided the class-certification issue on interlocutory appeal and found that class certification was not appropriate.").

13

Further revealing the Plaintiffs' lack of confusion about the tolling issues is the fact that eight putative class members, who are now Plaintiffs here, filed a motion to intervene in *Woodall* after the parties settled the case but before it was ultimately dismissed. As the Court pointed out in denying the motion: "The intent is obvious"—Plaintiffs were aware that "these claims must be brought in th[at] action or else they w[ould] be barred as untimely." *Woodall*, 2023 WL 2759739, at *3.

In short, the Court's prior *Woodall* opinion did not create any confusion as to when *American Pipe* tolling ceased, nor were Plaintiffs confused. Thus, Plaintiffs' request for equitable tolling is denied. And the claims of the 26 Plaintiffs whose strip searches were before April 27, 2016, given their incarceration dates, are dismissed as untimely.

### 3. Plaintiffs with Timely Individual Claims

That still leaves 93 named Plaintiffs with timely individual claims, but not class claims—i.e., those with claims that accrued between April 27, 2016, and April 23, 2020. In their opening brief, Defendants sought dismissal of these individual claims as well. But in the reply brief, Defendants appear to drop this request. (*See* ECF No. 25, PageID.299 (seeking dismissal of only "class allegations . . . for any claims which accrued before April 27, 2020" and "individual claims brought by the fifty-four" Plaintiffs who were released from jail before August 17, 2017, or "[i]n the alternative . . . dismissal . . . of the individual claims brought by the twenty-six individuals" discussed above).)

Regardless of this confusion, at this stage of the case dismissal of these remaining Plaintiffs is premature.

This is presently a *putative* class action at the motion to dismiss stage. It is unclear whether class certification will ultimately be granted. In addition to the statute of limitations issues, there will likely be merits issues. This case is very similar to *Woodall*, where the Sixth Circuit previously decided that Rule 23's commonality, typicality, adequacy-of-representation, and predominance requirements were not satisfied. *See Woodall*, 2021 WL 5298537 at *4. Yet "a class must . . . be certified before it may become a class action. Until the putative class is certified, the action is one between the [individual plaintiffs] and the defendants." *Barnes v. First Am. Title Ins. Co.*, 473 F. Supp. 2d 798, 801 (N.D. Ohio 2007) (second alteration in original) (quoting *Smith v. Berg*, No. 99-2133, 1999 WL 1081065, at *3 (E.D. Pa. 1999)). And the remaining individual named Plaintiffs have timely claims to assert. So there is no basis to dismiss them now.

In short, dismissing Plaintiffs with timely individual claims at this stage simply because they cannot be part of a class that may or may not be certified is premature.

### IV.

Accordingly, Defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART such that the 26 Plaintiffs who were released from jail before April 27, 2016, as listed in Appendix A, are dismissed from this action.[2]

SO ORDERED.

Dated: May 7, 2024

                                                       s/Laurie J. Michelson
                                                     LAURIE J. MICHELSON
                                                     UNITED STATES DISTRICT JUDGE

---

[2] As stated, being most generous to the non-movants, the Court assumes, without deciding, that Plaintiffs' claims accrued on the last date of their incarceration. If, however, discovery reveals that additional Plaintiffs have claims that accrued prior to April 27, 2016, those claims will also be dismissed as untimely.

Appendix A – Dismissed Plaintiffs

|   | Plaintiff | Last Date of Incarceration | Factual Allegations in Amended Complaint (ECF No. 14) |
|---|---|---|---|
| 1 | Sabrina Wakefield | 11/21/2014 | *Id.* at PageID.91 |
| 2 | Ashley Shepard | 11/30/2014 | *Id.* at PageID.102 |
| 3 | Nicole Harris | 12/31/2014 | *Id.* at PageID.90 |
| 4 | Melissa Nelson | 12/31/2014 | *Id.* at PageID.97 |
| 5 | Shoshawna Jeanine Davis-Booker | 12/31/2014 | *Id.* at PageID.99 |
| 6 | Laquesha Jones | 1/31/2015 | *Id.* at PageID.95 |
| 7 | Torin Rimmelin | 2/28/2015 | *Id.* at PageID.98 |
| 8 | Sienna Imlay | 3/31/2015 | *Id.* at PageID.91 |
| 9 | Psauntia George* | 3/31/2015 | *Id.* at PageID.97 |
| 10 | Nautica Hodo | 3/31/2015 | *Id.* at PageID.97 |
| 11 | Zaire Goodman | 3/31/2015 | *Id.* at PageID.102 |
| 12 | Beverly Sharpe | 4/30/2015 | *Id.* at PageID.96 |
| 13 | Jakenya Campbell | 5/31/2015 | *Id.* at PageID.100 |
| 14 | Shawquanda Borom | 6/30/2015 | *Id.* at PageID.92 |
| 15 | Shenese Kimbrough | 8/31/2015 | *Id.* at PageID.92 |
| 16 | Jessica Lopez | 8/31/2015 | *Id.* at PageID.95 |
| 17 | Kimberly Pappas | 10/31/2015 | *Id.* at PageID.92 |
| 18 | Marjory Start | 10/31/2015 | *Id.* at PageID.96 |
| 19 | Mymoon Keith | 10/31/2015 | *Id.* at PageID.98 |
| 20 | Jennie Jennings | 12/31/2015 | *Id.* at PageID.95 |
| 21 | Alisha Johnson | 12/31/2015 | *Id.* at PageID.95 |
| 22 | Lashondra Davis | 12/31/2015 | *Id.* at PageID.98 |
| 23 | Shari Jones | 12/31/2015 | *Id.* at PageID.100 |
| 24 | Jamilia Bey | 12/31/2015 | *Id.* at PageID.101 |
| 25 | Renetra Robinson | 12/31/2015 | *Id.* at PageID.102 |
| 26 | Dominqua Pye | 3/31/2016 | *Id.* at PageID.96 |

*Defendants improperly identified the last date of incarceration for Psauntia George as April 30, 2019 (ECF No. 20-6, PageID.263), instead of March 31, 2015 (ECF No. 14, PageID.97). Because George was released prior to April 27, 2016, her claims are

dismissed as untimely. Defendants also listed Sabrina Wakefield twice in their exhibit of plaintiffs to be dismissed (ECF No. 20-8, PageID.269), but with the addition of George, their count of 26 Plaintiffs to be dismissed remains accurate. Finally, Defendants also misstated the last date of incarceration for three more plaintiffs: Berdella Strong (*compare* ECF No. 14, PageID.100 (December 31, 2016), *with* ECF No. 20-6, PageID.264 (August 31, 2017)), Victoria Solomon (*compare* ECF No. 14, PageID.96 (May 31, 2017), *with* ECF No. 20-6, PageID.264 (March 31, 2017)), and Nakyrra Hogan (*compare* ECF No. 14, PageID.100 (March 31, 2020), *with* ECF No. 20-6, PageID.264 (August 31, 2017)). But by either calculation, these individuals' claims are not untimely. Since all three were incarcerated past April 27, 2016, they will not be dismissed at this time.