UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE HARRIS et al.,

     Plaintiffs,

v.

COUNTY OF WAYNE and TERRI
GRAHAM,

     Defendants.

Case No. 23-10986
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR
INTERLOCUTORY APPEAL [61]**

---

Plaintiffs—95 women who were formerly incarcerated at the Wayne County Jail—allege that they were subjected to unconstitutional strip searches by officer Terri Graham between 2016 and 2022. (ECF Nos. 14, 27.) The searches, Plaintiffs say, were done in groups, in view of male officers, accompanied by degrading comments, and conducted under unsanitary or unhygienic conditions. (ECF No. 14, PageID.4439.) In their amended complaint, they claim that Graham violated the Fourth Amendment's prohibition on unreasonable searches and that the County is also liable for these violations under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). (*Id.* at PageID.108–112.) Plaintiffs moved for class certification pursuant to Federal Rules of Civil Procedure 23(a) and (b) (ECF No. 42) while Defendants moved for summary judgment on all claims (ECF No. 43). In a 39-page opinion, the Court denied both motions finding the requirements for class certification were not met and

that genuine disputes of material fact remain as to Graham's qualified immunity defense and the *Monell* claims against the County. (ECF No. 57.)

Now, Defendants seek interlocutory appeal of one issue—whether the Court properly applied the deliberate indifference standard in denying summary judgment on the *Monell* claims against the County. (ECF No. 61.) The motion is fully briefed and does not require further argument. See E.D. Mich. LR 7.1(f)(2).

For the following reasons, the Court will DENY the motion for interlocutory appeal (ECF No. 61).

## I.

Upon reviewing the briefs and related exhibits, the Court concluded that a reasonable jury could find in favor of Plaintiffs on both *Monell* claims: a custom or policy of acquiescence to constitutional violations and failure to train. (ECF No. 57, PageID.4460–4474

For the custom claim, the Court analyzed whether the County acted with deliberate indifference towards the unconstitutional strip searches, i.e. if the County "was aware of prior unconstitutional actions by its employees and failed to take corrective measures." (*Id.* at PageID.4466 (citing *Miller v. Calhoun County*, 408 F.3d 803, 815 (6th Cir. 2005).) The Court acknowledged the County's various changes to the strip search policy and "corrective actions," all made to, in theory, prevent constitutional violations. (*Id.* at PageID.4467–4468.) But in light of the many complaints against Graham (through lawsuits, declarations, and grievances), the Court concluded that a jury could find that allowing Graham to continue to conduct

2

strip searches showed deliberate indifference on the County's part. (*Id.* at PageID.4467.) And while "corrective actions" were taken such as adding personnel to process property, a jury could question the efficacy of those measures. (*Id.* at PageID.4468.) Plus a jury could consider that those corrective actions were hampered by other circumstances, such as the unofficial snack shop operated by Graham, open to male and female officers, that was located in the same room where strip searches took place. (*Id.* at PageID.4468–4469 ("Given the obvious risk of male officers viewing strip searches when buying snacks in the location where these searches occurred, a reasonable jury could find deliberate indifference.") (internal citation omitted).) Finally, the Court considered Plaintiffs many declarations that the Jail did not provide a proper grievance process as further evidence of deliberate indifference. (*Id.* at PageID.4469.) In sum, the Court found there was a fact issue on whether there was a pattern of unconstitutional searches and whether the County was deliberately indifferent to these violations.

On the failure to train claim, the Court conducted a separate deliberate indifference inquiry. (*Id.* at PageID.4473–4474.) There, it assessed whether the County "was aware of 'prior instances of unconstitutional conduct' such that it 'was clearly on notice that the training in this particular area was deficient and likely to cause injury' and yet 'ignored a history of abuse.'" (*Id.* at PageID.4473 (citing *Ouza v. City of Dearborn Heights*, 969 F.3d 265, 287 (6th Cir. 2020)).) The Court, again, considered the County's policy directives. (*Id.* at PageID.4473–4474 ("By 2019, the County implemented policies that advised personnel on how to perform strip

searches. They should have been understandable to an officer like Graham.").) But in light of continued violations (as Plaintiffs alleged through declarations), the Court concluded that "a fact issue still remains as to the adequacy of the training of personnel doing" the searches. (*Id.* at PageID.4474.) And "[g]iven the frequency with which Graham was conducting these screens, a jury could reasonably conclude that there was an obvious risk that inmates' constitutional rights would be violated in the face of deficient training." (*Id.* citing (*Dodson v. Nava Lopez*, No. 20-12056, 2023 WL 125005, at *7 (E.D. Mich. Jan. 6, 2023)).) So the Court also found a fact issue as to the County's deliberate indifference for the failure to train claim.

## II.

## A.

Under 28 U.S.C. § 1291, a party's right to appeal a district court order is limited to "final decisions." But a district court may permit a party to appeal a non-final order if the court is "of the opinion that such order involves [1] a controlling question of law as to which there is [2] substantial ground for difference of opinion and that an immediate appeal from the order may [3] materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The moving party bears the burden of satisfying each requirement of § 1292(b). *In re Flint Water Cases*, 627 F. Supp. 3d 734, 737 (E.D. Mich. 2022). And the district court must "expressly find in writing that all three § 1292(b) requirements are met." *Id.* (citing *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)). This decision is "left to the sound discretion of the district court." *Massarello v. Power Home*

*Remodeling Grp., LLC*, 809 F. Supp. 3d 711, 714 (E.D. Mich. 2025) (citing *Sigma Fin. Corp. v. Am. Int'l Specialty Lines Ins. Co.*, 200 F. Supp. 2d 710, 723 (E.D. Mich. 2002)). And it should be "granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

Defendants seek interlocutory appeal as to the Court's *Monell* liability analysis on both the custom and the failure to train claims. The issue of law, in their own words, is the "proper application of the deliberate indifference standard to the County." (ECF No. 61, PageID.4506.)

**B.**

Start with whether the issue is, in fact, controlling.

A controlling question of law is one that, if resolved, "could materially affect the outcome of the case." *Wallace v. McCauley*, 742 F. Supp. 3d 766, 768 (E.D. Mich. 2024) (citing *In re City of Memphis*, 293 F.3d at 351)). Defendants say this issue is controlling because deliberate indifference is an essential element of both the custom and failure to train *Monell* claims. (ECF No. 61, PageID.4507.) Since Defendants challenge the deliberate indifference analysis on multiple grounds, and reversal on that prong would doom both of Plaintiffs' *Monell* claims, the Court will assume that this first requirement is met.

As for whether there is substantial ground for difference of opinion, the Court is unconvinced.

A substantial ground for difference of opinion may exist where:

(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions;

(2) the question is difficult and of first impression;

(3) a difference of opinion exists within the controlling circuit; or

(4) the circuits are split on the question.

*Consumers Energy Co. v. Toshiba Am. Energy Sys. Corp.*, No. 22-10847, 2025 WL 2233979, at *2 (E.D. Mich. Aug. 6, 2025) (citing *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013)). This standard "requires more than mere disagreement with the district court's decision or an assertion that such decision was incorrect; rather, there must be genuine doubt as to the correct legal standard." *Id.* (citing *Lofgren v. Polaris Indus. Inc.*, 526 F. Supp. 3d 322, 330 (M.D. Tenn. 2021)).

Defendants first argue that "[m]any courts have expressed skepticism about relying on prior cases to provide notice [of constitutional violations] when the allegations in those prior cases have not been substantiated or when there is no explanation as to why 'the existence of [the other lawsuits] render[] [the plaintiffs'] allegations more plausible.'" (ECF No. 61, PageID.4509 (citing *Sistrunk v. City of Hillview*, 545 F.Supp.3d 493, 503-504 (W.D. Ky. 2021).) Since the prior lawsuits involved the "exact same Plaintiffs" and "none of the allegations in those complaints were substantiated," Defendants claim those prior lawsuits should not be used to show the County's deliberate indifference. (*Id.* at PageID.4508, 4515).

6

The Court shares that skepticism.[1] That is why it did not rely solely on prior lawsuits. It pointed to declarations and grievances that "raised very similar complaints to those raised in previous lawsuits." (ECF No. 57, PageID.4465.) So to the extent there is a difference of opinion over whether a lawsuit—without any supporting context—can support a *Monell* claim, that is not an issue in this case. "District courts in this circuit have declined certification where the 'request for interlocutory appeal relies upon a mischaracterization' of the order to be appealed." *Emps. Ret. Sys. of City of St. Louis v. Jones*, No. 20-4813, 2021 WL 5275827, at *3 (S.D. Ohio Nov. 12, 2021) (citing *Black v. Pension Ben. Guar. Corp.*, No. 09-13616, 2011 WL 4595254, at *2 (E.D. Mich. Oct. 3, 2011)).

Second, Defendants argue that the allegations do not support a deliberate indifference finding when "they represent a vast minority of strip searches conducted each year at the County jail." (ECF No. 61, PageID.4512.) That is precisely the type of argument they can make to the jury before the case needs to go to the Sixth Circuit. Defendants do not provide any caselaw in support to indicate this is a novel question or one of first impression. "[S]everal instances of similar conduct" are needed for a custom claim, *Cunningham v. Shelby County*, 715 F. Supp. 3d 1058, 1066 (W.D. Tenn. 2024) (collecting cases), *aff'd*, No. 24-5241, 2024 WL 4825338 (6th Cir. Nov. 19, 2024),

---

[1] In fact one of the cases cited in support of this point was written by the undersigned. (*See* ECF No. 61, PageID.4509–4510 (citing *Simmons v. County of Wayne*, No. 22- 11953, 2023 WL 7449840 (E.D. Mich. 2023)).)

not a specific proportion of unconstitutional to constitutional conduct. So this argument raises no genuine doubt as to the correct legal standard.

Third, Defendants see substantial grounds for difference of opinion over whether a municipality can be liable under a *Monell* failure to train claim for the actions of a single officer. (ECF No. 61, PageID.4512.) "[T]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the [municipality] . . . ." (*Id.* at PageID.4471 (citing *City of Canton v. Harris*, 489 U.S. 378, 390–91 (1989)).) As an initial matter, it was not just Graham. The Court considered testimony that various sergeants were involved in unconstitutional strip searches too, so it considered the actions of those officers as well. (ECF No. 57, PageID.4471.) And the Court explained how the facts of this case pull it outside the confines of *Harris*. Graham conducted "at least half, if not more, of the strip searches." (*Id.* (citing Graham's deposition testimony).) So "evidence about Graham's training is "probative of a general lack of training of the officers." (*Id.*) Again, Defendants' motion does not show "substantial disagreement regarding the law among the courts," but simply restates the governing principles and its own "disagreement with the trial court's ruling." *In re Silver,* No. 23-10593, 2024 WL 329131, at *3 (E.D. Mich. Jan. 29, 2024).

The final consideration is whether an immediate appeal will materially advance the termination of the litigation. The Court finds it would not.

An appeal advances the termination of the litigation when it "save[s] judicial resources and litigant expense." *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872,

878 (E.D. Mich. 2012). Disposing of the *Monell* claims would accomplish neither because claims remain against Graham. Since "a trial is likely even after an interlocutory appeal[,] . . . an interlocutory appeal only consumes more resources and adds expense." *Jamoua v. Michigan Farm Bureau*, No. 20-10206, 2022 WL 1459563, at *4 (E.D. Mich. May 9, 2022).

Plus, the role of interlocutory appeal "is diminished when a case is nearing trial and large expenditures have already been made." *Cerjanec v. FCA US, LLC*, No. 17-10319, 2018 WL 7152556, at *3 (E.D. Mich. Sept. 4, 2018); *see, e.g.*, *Delgado v. eMortgage Funding LLC*, No. 21-11401, 2022 WL 229884, at *3 (E.D. Mich. Jan. 25, 2022) (granting motion for interlocutory appeal where case is in pleading stage and parties have not yet engaged in discovery). Here, the case has already gone through years of discovery, a failed attempt at class certification, and a summary judgment motion. "Thus, a reversal now will not avoid those time-consuming and expensive parts of the case." *Jamoua*, 2022 WL 1459563, at *4.

Defendants say that, since they seek bifurcated trials (one for claims against Graham and another for claims against the County), reversal on the *Monell* claims would eliminate the need for one trial entirely. (ECF No. 61, PageID.4514.) But the request for bifurcated trials has not been formally made to this Court. Nor has that request been granted. So the Court does not find that argument persuasive at this time.

In sum, Defendants have not met their burden to show that interlocutory appeal is warranted.

9

## III.

Accordingly, Defendants' motion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (ECF No. 61) is DENIED.

IT IS SO ORDERED.

Dated: April 23, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE